# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TERRY GREEN, # 368377, #344-1420,  *

Plaintiff  *

v  * Civil Action No. RDB-18-2561

C.O. II RICHARD BANKARD,[1]  *

Defendant  *

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Terry Green, a State prisoner incarcerated at Eastern Correctional Institution in Westover, Maryland ("ECI"), filed an unverified[2] Complaint pursuant to 42 U.S.C. § 1983. Green seeks money damages[3] and the prosecution of Correctional Officer Richard Bankard,[4] whom he claims violated his Eighth Amendment rights on the evening of July 6, 2018 by punching and choking Green unconscious without provocation while escorting Green from the tier.[5] ECF No. 1, p. 2. Now pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim or in the Alternative, Motion for Summary Judgment (ECF No. 10) and Green's

---

[1] The Clerk shall amend the docket to reflect the full and proper spelling of Defendant's name.

[2] Green provides no declaration or affidavit in support of his lawsuit.

[3] In addition to $500,000 in compensation and $50,000 in punitive damages, Green requests an "investigation" of ECI. ECF No. 1, p. 3.

[4] Green, a private citizen, lacks a judicially cognizable interest in the criminal prosecution or non-prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Green is not entitled to this type of relief.

[5] Green also states that "officers punched me and choked me out to the point of unconsciousness while...handcuffed behind my back." ECF No. 1, p. 2. As discussed below, the video of the incident does not confirm this statement. In any event, Green does not name officers other than Bankard as Defendants.

opposition response and cross-motion for summary judgment. ECF Nos. 15 and 16.[6] A non-dispositive motion docketed as a Supplement to the Complaint (ECF No. 17) and construed as a request for appointment of counsel, is pending review. For the reasons stated below, Green's request for appointment of counsel is DENIED,[7] as is Green's cross-motion for summary judgment, and Defendant's dispositive motion, construed as a motion for summary judgment,[8] IS GRANTED.

## Background

### A. Plaintiff Green's Allegations

Plaintiff Green claims that around 7:20 p.m. on July 6, 2018, while handcuffed behind his back and under escort, he was assaulted by Defendant Bankard, merely because Green walked with a "limp" caused by previous health problems. ECF No. 1, p. 2. Green states other officers joined in, choking and punching him until he lost consciousness. *Id.*

### B. Defendant's Assertions

---

[6] This opinion cites to the pagination assigned by the Court's electronic docket.

[7] A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[7] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); see also, Branch v. Cole, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Such circumstances are not apparent here.

[8] Defendant's dispositive motion is treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 because materials outside the original pleadings have been considered. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

On July 6, 2018, Defendant Bankard was assigned as a tier officer on Housing Unit # 4, A tier ("HU4A") during the three-to-eleven shift. ECF No. 10-2, Records Declaration of Susan Shumaker, p. 19. A video taken of the tier shows that at 7:30 p.m., Bankard escorted Plaintiff from his cell toward the recreation hall on the way to the shower area.[9] ECF No. 10-3, Video Footage of Incident at 1930:44-47. In his statement of affirmation concerning the incident,[10] Bankard states that Green became verbally abusive, yelling "I want to kill all these . . . police!"[11] ECF No. 10-2, p. 7. Bankard told Green that he lost his recreation and turned Green around to return to his cell. ECF No. 10-3 at 1930:48. As they approached the cell, Green pulled away from Bankard. *Id.* at 1930:48-52. When Bankard turned Green towards the open cell, Green pushed into Bankard, prompting Bankard to use his left hand on Green's shoulder to gain control. *Id.* at 1930:59-1931:00-10. Bankard affirmed Green again pulled away, and Bankard took him to the floor. ECF No. 10-2, p. 7. Bankard affirmed he did not throw a punch or place his arm around Green's neck. *Id.* As additional officers arrived to carry Green from the tier to the medical department, Bankard stepped away. ECF No. 10-3, 1931:15-1931:456. Green was promptly examined in the medical department and found to have no injury caused as a result of the incident.[12] ECF No. 10-2, pp. 22, 32. The officers involved with the incident completed a use of force report.

---

[9] All video references are to the recorded time on the video. Green was provided an opportunity to watch the video prior to his submission of an opposition response. *See* ECF No. 12, Declaration of K. Bozman.

[10] The Notice of Inmate Rule Violation report requires the charging staff member to solemnly affirm under the penalties of perjury and upon personal knowledge that the facts provided in the incident report are true.

[11] There is no audiotape of the incident, which was captured only on video.

[12] Prior to this incident, Green had received injuries to his back and leg in April 2018 while housed at Roxbury Correctional Institution. ECF No. 10-5, Records Declaration of Lisa Lord, pp. 3, 5.

ECF No. 10-2, pp. 21-32. The investigator assigned to review the use of force incident determined that Bankard used the appropriate amount of force to control Green and acted in compliance with the use of force manual. *Id.*, pp. 22, 24.

Green filed an Administrative Remedy Procedure ("ARP") grievance concerning the incident on July 11, 2018, claiming that Bankard assaulted him by choking him. ECF No. 10-4, pp. 30-31. Plaintiff stated he stopped prior to entering his cell and that Officer Bankard grabbed him by the throat. ECF No. 10-4, p. 31.

The Intelligence and Investigative Division ("IID") commenced an investigation. ECF No. 10-4, *Records Declaration of Nicole Miraglia*, pp. 2-7. The detective assigned to the investigation reviewed Green's ARPs and the use of force report, interviewed Green and the case manager, and reviewed the video footage of the incident. *Id.*, pp. 8-9. The detective noted during Green's interview that Green stated Bankard punched him and attempted to slam him and choke him almost to the point of unconsciousness. *Id.* The detective observed that the video showed that Green visibly increased his distance between himself and Bankard and "was pulling against the grasp of CO-II Bankard." *Id.* He further noted that Bankard threw no punches and no evidence existed of an assault either from slamming or choking Green. *Id.* The report concluded that Green's claims were not meritorious. *Id.*, p. 10.

## Standard of Review

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In

making this determination, "[t]he district court . . . must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-23 (4th Cir. 1989).

A motion for summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson,* 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.,* 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam,* 810 F.2d at 1286 (citing *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the Court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 437 (4th Cir. 1998). Nevertheless, a party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Thus, on those issues on which the non-moving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson,* 477 U.S. at 256.

## Analysis

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992); *see also Brooks v. Johnson, et al.*, No. 17-7448 (4th Cir. May 10, 2019) (published) (critical Eighth Amendment question one of motive where officer tasered plaintiff in good faith effort to maintain or restore discipline or maliciously "for the very purpose of causing harm," citing *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (internal quotation marks omitted).

In making this determination, this Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The extent of injury incurred is one factor indicative of whether the force used was necessary in the particular situation. However, if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.* at 38.

The Court has reviewed the video, which was taken from a stationary camera at the front of the tier most distant to Green's cell. What is apparent is that Green exits his cell while cuffed and within several strides begins to widen his stride and lurch to the right away from Bankard, who was holding Green's arm. This lurching continued as Bankard turned Green around to walk back to his cell. Once turned, Green continued to lurch into the path of two fellow prisoners who were also under escort and about to leave the tier, causing those prisoners to step away to avoid contact.

6

ECF No. 10-3, 1931:1:00. As they approach the cell, Bankard reaches above Green's left shoulder and appears to pin him to the outside wall near the cell before wrestling Green to the floor by gaining control of Green's arms. What precipitated this contact is inconclusive from the video, because Bankard is turned sideways toward the camera and Green is behind him and cannot be seen. What is shown is that neither Bankard nor the responding officers "yoke" Green around the neck, punch him, slam him, or otherwise abuse him while gaining control.

In his affirmative statement charging Green with an institutional violation, Bankard states Green was verbally abusive and forcibly pulled away from him, refusing to comply with Bankard's order to walk correctly to his cell. ECF No. 10-2 at 7. This statement aligns with portions of the video showing Green's combative stance. ECF No. 10-3, 1931:10. Bankard relinquished control after other officers responded and stepped away from Green, *id.*, 1930:46, while the remaining officers carried Green, who remained conscious throughout, towards the front of the tier. *Id.*, 1931:50-1932:01.

Green provides no verified statement or record evidence to counter Defendant's version of the incident. Although not totally conclusive as to the precise activity that sparked contact between the two men, video evidence demonstrates that the amount of force used was minimal, that Green was not punched or choked, and that Green was fully conscious when carried off the tier. He was immediately taken to the medical department, where no discernable injury was noted. Green was found guilty of several of the infractions with which he was charged resulting from the incident.

An Eighth Amendment violation for excessive use of force is not apparent on this record. Accordingly, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment, construed as a motion for summary judgment,

is GRANTED. A separate Order follows.

July 12, 2019  
Date

RICHARD D. BENNETT  
UNITED STATES DISTRICT JUDGE